IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MOBILE BILLBOARDS OF AMERICA, INC., INTERNATIONAL PAYPHONE COMPANY, RESERVE GUARANTY TRUST, MICHAEL A. LOMAS and MICHAEL L. YOUNG,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:04-CV-2763-WBH |

**BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR
CONTEMPT SANCTIONS AND FOR
INJUNCTIVE RELIEF ENJOINING PROSECUTION
OF NORTH CAROLINA CIVIL ACTION**

S. Gregory Hays, Receiver (the "Receiver") files this brief in support of his Motion for Contempt Sanctions and for Injunctive Relief Enjoining Prosecution of North Carolina Civil Action showing this Court as follows:

The relevant facts are actually set forth as numbered paragraphs in the Motion, itself. Accordingly, they will not be restated here except as necessary to explain the legal basis for the Receiver's request.

The Receiver was appointed by this Court in an order entered on September 21, 2004 (the "Receivership Order"). In relevant part, the Receivership Order provides:

> All creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons ***. . . are restrained from doing anything to interfere with*** the possession, ***recovery*** or management by the Receiver of the property and assets owned, controlled, belonging to, or in the possession of the Receiver Estate, ***or to interfere with the receiver in any manner during the pendency of this proceeding***. (§ XXI, Receivership Order dated September 21, 2004. Emphasis added.)

Among other things, this provision allows the Receiver to perform his accounting and investigation, including the prosecution of claims for the benefit of the Receiver Estate, without being interfered with or disrupted by the actions of third parties. When the Receiver's work is completed, the assets of the Receiver Estate, including the proceeds of any recoveries, will be distributed to investors and other creditors of MBA.

The specific direction of this Court, as set forth above, is critical to an effective receivership. Obviously, it is important that the Receiver be able to accomplish his work without interference. Being forced to deal with distractions such as the North Carolina Action that is the subject of this Motion, slow his progress and increase the expense of administering the Receiver Estate.

Equally important in this instance, the Receiver is charged with developing a plan that, under the circumstances, is fair and equitable to all investors. He cannot condone efforts by a select group to improve their positions vis-à-vis others who suffered identical losses. In effect, the filing and prosecution of the North Carolina

Action creates the potential for a "race" to effect a recovery between the Receiver and the plaintiffs in that action (as well as prospective plaintiffs, who might decide to pursue identical claims) and requires the subject defendants to deplete assets in defending multiple litigations of identical claims. Obviously, such a circumstance is not in the best interest of MBA's investors, as a whole, and the other creditors of the Receiver Estate.

The interference and distraction caused by the filing and prosecution of the North Carolina Action are enough to justify enjoining the prosecution of that case until the Receiver's work is finished. However, this case is much more egregious. As more fully set forth in the Motion, the North Carolina Action has been filed at the behest of and is being directed by Scott Hollenbeck, the single largest individual seller of MBA billboard investments. It is evident that the filing and prosecution of these claims is part of a continuing effort by Mr. Hollenbeck to mislead his investors about the current state of MBA and to deflect attention away from his role in the sale of these bogus investments.

As indicated in the Motion, the Receiver, through his counsel, has given Mr. Hollenbeck and his counsel notice of the provisions of the Receivership Order and an opportunity to stay voluntarily the prosecution of the North Carolina Action. Those efforts have been rebuffed.

This Court has the inherent power to enforce its own orders and to sanction, by civil contempt, those who refuse to comply. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535, 16 L. Ed.2d 622 (1966); *Riccard v. Prudential Insurance Company*, 307 F.3d 1277 (11th Cir. 2002); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297 (11th Cir. 1991). Hollenbeck and his counsel have had notice of the Receivership Order for months and have had ample opportunity to comply. The continued prosecution of the North Carolina Action under the circumstances present here is a clear violation of this Court's order and should be sanctioned. Moreover, the continued prosecution of the North Carolina Action should be enjoined until such time as the Receiver has had full opportunity to complete his work, including investigating and prosecuting appropriate claims against third-parties.

WHEREFORE, the Receiver respectfully requests that his Motion be granted.

This 8th day of February, 2005.

                        By:   */s/ J. David Dantzler, Jr.*
                                J. David Dantzler, Jr.
                                Georgia Bar No. 205125
                                Attorney for S. Gregory Hays,
                                Receiver For Defendants Mobile
                                Billboards of America, Inc.,
                                International Payphone
                                Corporation, Reserve Guaranty
                                Trust and Tiger Media, Inc.

                                Troutman Sanders LLP
                                Bank of America Plaza
                                Suite 5200
                                600 Peachtree Street, N.E.
                                Atlanta, Georgia  30308-2216

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE BILLBOARDS OF AMERICA, INC., INTERNATIONAL PAYPHONE COMPANY, RESERVE GUARANTY TRUST, MICHAEL A. LOMAS and MICHAEL L. YOUNG,<br><br>Defendants. | CIVIL ACTION NO.<br>1:04-CV-2763-WBH |

## CERTIFICATE OF SERVICE

This shall certify that on February 8, 2005, I electronically filed the BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR CONTEMPT SANCTIONS AND FOR INJUNCTIVE RELIEF ENJOINING PROSECUTION OF NORTH CAROLINA CIVIL ACTION with the Clerk of Court using the CM/EFC system which will automatically send an e-mail notification of such filing to the following attorneys of record:

                James Alexander Rue
                William P. Hicks

I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Julie O'Daniel
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA  30309-3424
>
>Nina Marino
>Kaplan Marino, Attorneys at Law
>9454 Wilshire Boulevard, Suite 500
>Beverly Hills, CA  90212
>
>J. Wesley Covington
>Bryant, Patterson, Covington, Idol & Lewis, P.A.
>P.O. Box 341
>Durham, NC  27702
>
>Gregory Bartko
>Law Office of Gregory Bartko
>3475 Lenox Road
>Suite 400
>Atlanta, GA  30326

This 8th day of February, 2005.

                                      By:    <u>/s/ J. David Dantzler, Jr.</u>
                                                      J. David Dantzler, Jr.
                                                      Georgia Bar No. 205125
                                                      Attorney for S. Gregory Hays,
                                                      Receiver
                                                      For Defendants Mobile
                                                      Billboards of America, Inc.,
                                                      International Payphone
                                                      Corporation, Reserve Guaranty
                                                      Trust and Tiger Media, Inc.

                                                      Troutman Sanders LLP
                                                      Bank of America Plaza
                                                      Suite 5200
                                                      600 Peachtree Street, N.E.
                                                      Atlanta, Georgia  30308-2216