UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 5 2005

LUTHER THOMAS, Clerk
BY: _____
Deputy Clerk

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

MOBILE BILLBOARDS OF AMERICA,
INC., INTERNATIONAL PAYPHONE
CORP., RESERVE GUARANTY
TRUST, MICHAEL A. LOMAS, and
MICHAEL L. YOUNG,

       Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-2763-WBH

## ORDER

Before the Court are the Receiver's motion for contempt and for injunctive relief [54] and the North Carolina Plaintiffs' motion for clarification [59]. The Court heard oral argument on the motions at a hearing on February 23, 2005.

## BACKGROUND

This case is brought by the SEC against five defendants who are alleged to have participated in a Ponzi scheme involving the sale and leaseback of mobile billboards. The SEC filed the five-count Complaint on September 21, 2004, raising claims under the Securities Act and the Exchange Act. Three of the defendants are businesses – Mobile Billboards of America, Inc. ("MBA"), International Payphone Corporation, and Reserve Guaranty Trust. The two individual defendants are Michael Lomas, the chairman of the board of MBA, and Michael Young, MBA's president.

On the same day that the Complaint was filed, the Court entered a Consent Order

("the Order) with respect to the three business defendants [4].[1]  The Order granted a variety

of relief.  It enjoined the three business defendants from selling securities and from engaging

in any fraudulent scheme.   The Order also froze all the assets of the three business

defendants, allowed the SEC to take expedited discovery, appointed Gregory Hays to be the

Receiver for the three business defendants, and set out the Receiver's powers.  Importantly,

the Order also included the following language, upon which the Receiver's motion for

contempt is based:

> All creditors and other persons seeking money damages or other relief from the
> Receiver Estate and all others acting on behalf of any such creditors and other
> persons . . . are restrained from doing anything to interfere with the possession,
> recovery or management by the Receiver of the property and assets owned,
> controlled, belonging to, or in the possession of the Receiver Estate, or to interfere
> with the receiver in any manner during the pendency of this proceeding.

Order at paragraph XXI, page 14.  On October 18, 2004, Tiger Media, Inc. was added as a

defendant and was included in the Receiver Estate.

Approximately six weeks after the SEC filed this case, a similar case was filed in

federal court in the Middle District of North Carolina, styled Barbara Allison, et al. v.

Michael Lomas, et al., Case No. 1:004CV00991 (the "North Carolina Action").  The North

Carolina Action is based on essentially the same facts and raises essentially the same claims

as the SEC case before this Court. It was filed by over two hundred individuals and

businesses, the majority of whom invested in the billboard scheme and made their purchases

from MBA sales agent Scott Hollenbeck.[2]   None of the plaintiffs in that case is a party  in

---

[1]  The individual defendants, Mr. Lomas and Mr. Young, were not parties to the Order.

[2]  Mr. Hollenbeck is funding the North Carolina Action and is also a named plaintiff in
that case.

the instant SEC case before this Court.  There are six defendants in the North Carolina

Action, including Michael Lomas and Michael Young who are also defendants in the case

before this Court.  The other defendants in the North Carolina Action are Laurinda Holohan,

Barry Maloney, Maloney & Knox, and the accounting firm Heiser & Jesko, Inc.

On February 8, 2005, the Receiver filed a motion for contempt and for injunctive

relief, arguing that prosecution of the North Carolina Action is interfering with the

Receiver's ability to administer the Receiver Estate and that the North Carolina Plaintiffs

have violated this Court's September 21, 2004, Order.  In his motion, the Receiver levels a

variety of accusations at Mr. Hollenbeck, the gist of which is that he knowingly committed

fraud on his investors.[3]  The Receiver has requested that the North Carolina Plaintiffs

voluntarily stay the action, but they have refused to do so.

The Receiver argues that having to deal with the North Carolina Action is slowing

the Receiver's progress and adding unnecessary expense to the administration of the

Receiver Estate.  Additionally, the Receiver argues that prosecution of the North Carolina

Action could lead to inequitable results among the various investors.  Through the motion,

the Receiver requests an order:

> (1) enjoining plaintiffs from prosecuting the North Carolina Action until the
> earlier of: (a) this Court's approval of the Receiver's final report and plan of
> distribution, which will address how claims against the defendants in the

---

[3] The North Carolina Plaintiffs strenuously deny these allegations, claiming that the Receiver has a "vendetta" against Mr. Hollenbeck.  They also point out that before Mr. Hollenbeck initiated the North Carolina Action, his attorneys notified the SEC and the Receiver's attorney of their intention to file the case, and all counsel agreed that this Court's Order did not prohibit investors from suing defendants who were not part of the Receiver Estate. The Court finds that the allegations about Mr. Hollenbeck are not particularly relevant to the resolution of the motions presently before the Court.

North Carolina Action were resolved, or (b) the Receiver's determination that any such claims are not worth pursuing; and

(2) ordering Mr. Hollenbeck to reimburse the Receiver Estate for all attorneys' fees and costs associated with filing this motion because of Hollenbeck's refusal to "comply with the Receiver's request."

The North Carolina Plaintiffs have filed a response to the motion arguing that the September 21, 2004, Order does not prohibit them from pursuing legal action against individuals and business that might shoulder some responsibility for the Ponzi scheme but who are not being actively pursued by the Receiver. The North Carolina Plaintiffs concede that the Order prohibits them from filing separate actions against the Receiver Estate, but they point out that the defendants in their case are not part of the Receiver Estate.

The North Carolina Plaintiffs also claim that, to date, the Receiver has not yet tolled the statute of limitations by commencing any action against MBA's legal counsel, auditing firm, or CFO - an accomplishment that they have achieved by filing their case. They suggest that the Receiver could intervene in the North Carolina Action rather than spending time fighting against it in this Court.   They ask the Court to deny the relief requested by the Receiver and to take the following steps to ensure that this issue is finally resolved:

(1) to order the Receiver to stop his "vendetta" against Mr. Hollenbeck;

(2) to amend the Order to expressly permit continued prosecution of the North Carolina Action so long as the continuation of that case does not interfere with the Receivership; and

(3) to award Mr. Hollenbeck his fees and costs associated with defending against the Receiver's motion.

Upon careful consideration the arguments presented by counsel in their papers and at the hearing, the Court concludes that both motions should be denied.

4

## DISCUSSION

As an initial note, the parties agree that there is no case law clearly addressing the issue of whether the Court has the authority to grant the relief requested by the Receiver. While it is true, as the Receiver argues, that the Court has the inherent authority to enforce its own orders, the Court is also charged with interpreting its own orders.

In issuing the Order, the Court intended that the Receiver be able to marshal, without interference, the assets of the Receiver Estate and be able to distribute those assets in an equitable fashion to the investors. The Court did not intend to give the Receiver the exclusive right to go after any possible assets that might be available from any possible source to satisfy damages that certain investors might have. The Court finds no basis in the Order for the Court to tell creditors that they are barred from trying to find and protect additional assets, and the Court will not block the efforts of investors to make themselves whole.

With that said, however, the Court is concerned that the efforts of the North Carolina Plaintiffs might lead to the recovery of funds that, in fairness, should be divided among all one thousand investors, rather than among only the plaintiffs in that case.[4] The Court is also concerned that there may be a duplication of effort for no constructive purpose, which would lead to a further squandering of the resources of the Receiver Estate. These matters, however, are beyond the scope of the present case before this Court because the Defendants in the North Carolina Action are not presently being sued by the Receiver. While a short stay

---

[4] The Court notes that counsel for the North Carolina Plaintiffs suggested at the hearing that he would consider agreeing not to disburse any funds recovered in his litigation until subsequent review by this Court.

of the North Carolina Action would likely promote judicial economy and address the Court's concerns, the Court finds no authority for it to grant such relief in this case.

## CONCLUSION

All relief requested by both sides is DENIED.  It is so ORDERED this 25th day of February, 2005.

Willis B. Hunt, Jr.
Judge, United States District Court

6